UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE WALTON,

        Plaintiff,                      Case Number: 06-CV-13073

v.                                        HON. GERALD E. ROSEN

DR. VISHUBAI PATEL, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

     Plaintiff George Walton, a state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  The complaint shall be dismissed because Plaintiff failed to establish exhaustion of his administrative remedies as required by 42 U.S.C. § 1997e(a).

**I.    Background**

     Plaintiff's claims arise from medical treatment provided while he was incarcerated at the Oakland County Jail and his treatment by sheriff's deputies.  Plaintiff states that he suffers from various medical conditions including a blood clotting disorder requiring the surgical placement of a medicine injection tube.  He states that the site where the tube enters his body has become badly infected and defendants Dr. Vishubai Patel, Dr. P. Durocher, and Dr. Than H. Phan have failed to properly treat him for the infection and failed to provide him with other necessary medical care.

     Plaintiff also alleges that defendant deputy sheriff McSpadin caused the injection tube to

become dislodged, causing Plaintiff considerable pain and discomfort.  He further alleges that defendant deputy sheriff Dudley assaulted him in retaliation for Plaintiff seeking medical care.

**II.     Discussion**

The Prison Litigation Reform Act ("PLRA"), Pub.L.No. 104-34, 110 Stat. 1321 (1996), 42 U.S.C. § 1997e, requires a prisoner to exhaust his administrative remedies prior to filing an action regarding prison conditions pursuant to 42 U.S.C. § 1983.  Section 1997e states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Sixth Circuit Court of Appeals has held that, to comply with the requirements of § 1997e(a), a prisoner must:

> [P]lead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

The Oakland County Jail provides a two-step grievance procedure.  An inmate first submits a written complaint to the Lieutenant of Corrective Services and then appeals the decision to the Captain of Corrective Services.  Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006).  While Plaintiff attaches copies of inmate communication "kites" he apparently submitted while incarcerated at the Oakland County Jail, he provides no indication that he proceeded through the Oakland County Jail's two-step grievance procedure.  His claims, therefore, are

2

unexhausted.

In addition, even assuming that the attached "kites" are adequate indication of participation in the formal grievance procedure, "it is not simply enough to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too." Id. "[A] grievant must identify each defendant individually sued." Id. Plaintiff's "kites" fail to identify defendants Patel, Phan, McSpadin, or Dudley. Thus, Plaintiff's claims as to these defendants are unexhausted on that basis as well.

### III.  Conclusion

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  July 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 28, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3